IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BAY COUNTRY CONSUMER          :
FINANCE, INC.                 :
                              :
    v.                        :    CIVIL NO. CCB-04-253
                              :
FIDELITY SECURITY LIFE INS. CO. :

...o0o...

## MEMORANDUM

Various motions in limine are pending in this case.  They have been fully briefed, and oral argument was heard on September 19, 2005.  My rulings follow.

Defendant's Motion to Exclude The Testimony of Ronald W. Maris
(Docket Entry No. 59)

It appears to me that Dr. Maris is as well-qualified as Dr. Berman, the defendant's expert, to offer an opinion in the field of "suicidology," that is, to educate the jury on risk factors related to suicide.  It also appears to me, however, that the plaintiff's proposed expert Dr. Michael Spodak would be offering testimony substantially overlapping and/or cumulative to that of Dr. Maris.  Under Rule 403, therefore, the plaintiff will be required to elect one of these witnesses to present at trial.

Defendant's Motion to Exclude the Testimony and Report of the Medical Examiner
and Others (Docket Entry No. 63)

Testimony of a medical examiner, including his or her opinion about the manner of death, may be admissible at trial.  Sippio v. State, 350 Md. 633, 714 A.2d 864, 872-75 (1988).  As with other experts, the court must consider the foundations of the proposed testimony and whether it would be helpful to the jury.  Id.

In this case, Dr. Ana Rubio performed an autopsy on Lee Parsons and concluded that the cause of death ("Pathologic Diagnosis") was carbon monoxide intoxication at a saturation level

of 78%. In her report dated June 30, 2003, she concluded that the manner of death was suicide, stating:

> OPINION:
> "This 48-year-old, White male, Lee Parsons, died of Carbon Monoxide Intoxication. He was found sitting in the front seat of a vehicle inside a friend's garage. The keys were in place, the ignition was on, the battery was dead, and the gas tank was empty. No not of intent was found. The manner of death is Suicide. The deceased had been consuming alcoholic beverages prior to death."

Def'ts. Motion Ex. A. In an Addendum dated June 2, 2004, signed by Dr. David Fowler, the last line of the opinion was changed to state that "small amount of ethanol identified in body fluids could be the result of either premortem consumption or postmortem production." (Id. Ex. B.) Dr. Rubio agreed at her deposition that she had made that change in February 2004 apparently as a result of contact by Mr. Freeman. Id. Ex. C, Rubio Dep. at 40-41, 47-49, 109-10. Additionally, the medical examiner's office was provided a letter from plaintiff's counsel arguing that the manner of death should be amended and presenting certain evidence that supported his view. At some point, Dr. Rubio amended her report to list the manner of death as "accidental" rather than suicide.

At her deposition, Dr. Rubio testified that in her opinion, to a reasonable degree of medical certainty, the "cause" of death was carbon monoxide intoxication. She could not reach an opinion to a reasonable degree of medical certainty as to the "manner" of death, although she concluded based on a "preponderance of the evidence," particularly that presented to her by Mr. Freeman, that the death was possibly accidental, and therefore she could not let her original opinion stand. Rubio Dep. at 16-17, 58-59, 62-63, 77-80, 95-96. Dr. Rubio distinguishes between the cause of death, largely determined on the basis of scientific and medical evidence, and the manner of death, based more on circumstantial evidence and common sense. Rubio Dep.

at 16-17, 45-46, 91-92.

From a review of the record, including Dr. Rubio's complete deposition, it appears that her testimony concerning the manner of death should be excluded. First, her opinion is not held to a reasonable degree of medical certainty. Second, the change in her opinion was at least in part the result of selective information brought to her attention by an advocate for one side. Without suggesting Mr. Freeman acted improperly, this highlights the fact that in this case the medical examiner's opinions as to manner of death are based on the same factual, circumstantial and other kinds of information that will be presented to the jury and are within the jury's competence to evaluate. Third, given the disqualification issue already raised as to Mr. Freeman, I believe it is better not to inject the issue of his personal communications with the medical examiner into the jury's deliberations.[1]

Accordingly, while portions of the medical examiner's report and testimony may be admissible, Dr. Rubio's and/or Dr. Fowler's opinions about the manner of death will not be admitted.

As to the other experts, a ruling as to which specific portions of their testimony may not be admissible will be deferred until trial.

<u>Plaintiff's Motion to Exclude Testimony and Documents</u>
(<u>Docket Entry No. 58</u>)

Dr. Packham will be allowed to testify within certain limits as discussed at the hearing. His reliance on the "Packham Modified CFK" is not a basis for exclusion provided that, as it

---

[1] The renewed motion to disqualify (docket entry no. 60) was denied at the hearing September 19, 2005; the motion to compel testimony (docket entry no. 61) will be denied as moot.

appears, the modification does not change the fundamental nature of the CFK equation and methodology which admittedly are peer reviewed and scientifically accepted. Dr. Packham, however, may not rely on the "experimental" aspects of Mr. McClain's emissions testing nor on his own phone conversations with unidentified mechanics or automobile distributors about the exhaust output of a particular Rolls Royce. Testimony concerning carbon monoxide uptake will be admitted as it proves relevant at trial; opinions about the manner of death outside his field of expertise will not.

    Which portions of the police reports may be admissible and which are excludable as hearsay will be determined closer to trial.

| January 25, 2006 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |